UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON

| | |
|---|---|
| HEATHER HANNA, § § Plaintiff, § § v. § § WELLS FARGO BANK, N.A., § § Defendant. § | No. 4:17-cv-3912 |

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, HEATHER HANNA ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Complaint against Defendant, WELLS FARGO BANK, N.A. ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

Jurisdiction and Venue

2. This Court has subject matter jurisdiction of this action pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district as Plaintiff resides in this district and as Defendant transacts business in this district.

Parties

4. Plaintiff is a natural person who at times relevant resided in Houston, Texas.

5. Defendant is a business entity with a business office located in the State of South Dakota.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

Factual Allegations

7. Defendant placed telephone calls to telephone number ▮▮▮▮▮▮▮▮.

8. Telephone number ▮▮▮▮▮▮▮▮ has been assigned to Plaintiff's cellular telephone.

9. These calls are not for an emergency purpose.

10. These calls are associated with a financial account.

11. Defendant placed these calls nearly daily and on many occasions multiple times in a single day.

12. Defendant has called the aforementioned telephone phone number as many as six times in a single day.

13. Defendant would leave prerecorded voicemails for Plaintiff that would start for Plaintiff midway through a recording.

14. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

15. On or about June 8, 2017, Plaintiff spoke with one of Defendant's employees.

16. Plaintiff instructed Defendant's employee for Defendant to stop calling her cell phone.

17. Defendant's employee informed Plaintiff that Defendant would remove Plaintiff's phone number from its call list and that Plaintiff wouldn't receive additional calls.

18. If Defendant had Plaintiff's prior express consent to use an automatic telephone dialing system to call her cell phone prior to the aforementioned conversation, it no longer had Plaintiff's express consent following this conversation.

19. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone after June 8, 2017.

20. Plaintiff estimates that between July 11, 2017 and August 23, 2017, Defendant called her cell phone at least 118 times.

21. Defendant intended to use an automatic telephone dialing system to place these calls.

22. Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

23. Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

24. Defendant placed these calls voluntarily.

25. Defendant placed these calls under its own free will.

26. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

27. Defendant willfully used an automatic telephone dialing system to place these calls.

28. Plaintiff was annoyed and felt harassed by these calls.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

29. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

31. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

32. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

33. All court costs, witness fees and other fees incurred; and

34. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

Dated: December 29, 2017

/s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602

Telephone: 312-578-9428
Telefax: 866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiff